**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICKEY RECO FOSTER, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 02-CV-0840-CVE-PJC |
| | ) |
| **ERIC R. FRANKLIN, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response to the petition (Dkt. # 4), and has provided the state court records necessary for adjudication of Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 5). For the reasons discussed below, the petition shall be denied.

### *BACKGROUND*

In the early evening hours of November 24, 1999, Tulsa police department undercover[1] officers, Wendall Franklin and Jeff Henderson, were driving around known drug areas for the purpose of soliciting a sale of narcotics. While in the area of 2700 North Rockford in Tulsa, Oklahoma, they were flagged down and approached by Mildred Penney who asked them what they needed. Franklin and Henderson indicated they were interested in purchasing crack cocaine. Ms. Penney, unaware they were police officers, got into their car and directed them to several houses looking for crack cocaine. They eventually ended up at Petitioner's house where Petitioner had a

---

[1] One of the undercover police officers, Wendall Franklin, testified that he and Officer Jeff Henderson were working "in an undercover capacity in an unmarked car in regular civilian clothes." See transcript of jury trial in Tulsa County District Court Case No. CF-99-5867, Dkt. # 4 at 104.

conversation with Ms. Penney in the front yard. Petitioner directed the parties to meet him in the back yard. Petitioner went into the house, came out through a back door, handed something to Ms. Penney who turned around and displayed three tannish rocks to the police officers. The rocks were later tested and determined to be crack cocaine. After a short discussion about payment, the two officers identified themselves and arrested Penney and Petitioner at the scene. An additional bar shaped piece of crack cocaine was found on the ground near Petitioner which appeared to have fallen from his clothing during the arrest.

As a result of these events, Petitioner was charged in Tulsa County District Court, Case No. CF-99-5876, with Unlawful Delivery of a Controlled Dangerous Substance (Cocaine), After Former Conviction of Two or More Felonies. At the conclusion of a jury trial at which Petitioner testified in his own defense, Petitioner was found guilty as charged. On October 10, 2000, the trial court sentenced Petitioner in accordance with the jury's recommendation to eighteen (18) years imprisonment.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he identified five (5) propositions of error as follows:

> Proposition 1: The evidence was insufficient to find Mr. Foster guilty beyond a reasonable doubt.
>
> Proposition 2: The sentence should be modified because the trial court erred in instructing the jury on the punishment range.
>
> Proposition 3: The trial court committed fundamental error when it failed to instruct on the lesser included offenses of attempted possession or possession of a controlled dangerous substance.
>
> Proposition 4: Mr. Foster was denied a fair trial because of the egregious conduct of the prosecutor.
>
> Proposition 5: The sentence imposed was excessive.

(Dkt. # 4, Ex. 1). In an unpublished summary opinion, filed November 6, 2001, in Case No. F-2000-1355, the OCCA denied each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 1, attachment.

Petitioner filed the instant habeas corpus action on November 5, 2002 (Dkt. # 1). In his petition, Petitioner raises the following three (3) grounds of error:

>   Ground 1: The evidence was insufficient to prove unlawful delivery of a controlled substance.
>
>   Ground 2: Petitioner was denied due process when the trial court erred in instructing the jury on the range of punishment.
>
>   Ground 3: The trial court committed fundamental error in denying a lesser included offense instruction.

(Dkt. # 1). In response to the petition, Respondent argues either that Petitioner is not entitled to habeas relief on his claims under 28 U.S.C. § 2254(d) or that the claims are not cognizable on habeas corpus review. See Dkt. # 4.

## *ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, the claims shall be reviewed pursuant to § 2254(d).

*1. Insufficient evidence (claim 1)*

As his first proposition of error, Petitioner argues that the State failed to produce sufficient evidence for a finding of guilt of unlawful delivery of a controlled dangerous substance. See Dkt. # 1. Specifically, Petitioner asserts that the bag of cocaine introduced as evidence at trial was not the cocaine handed over by Mildred Penney to the police officers, but was the bag found on the ground (Dkt. # 1). He also points to several alleged discrepancies in the testimony of the state's witnesses. On direct appeal, the OCCA rejected Mr. Foster's claim of insufficient evidence, finding that:

> In Proposition I, we find the evidence was sufficient for a rational trier of fact to find Appellant distributed the cocaine to the police officers. *See Spuehler v. State*, 709

> P.2d 202, 203-204 (Okla. Cr. 1985)[2]. Any inconsistency in the evidence created by Appellant's denials was a proper subject for the jury's consideration. Here, the jury believed the State's evidence. That belief is supported by competent evidence. Therefore, this Court will not disturb the jury's verdict. *See Smith v. State*, 793 P.2d 866, 8971 (Okl. Cr. 1990).

(Dkt. # 1, Attachment at 2).

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must

---

[2] The Court notes that the Spuehler case recognizes and adopts the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979).

view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Oklahoma law provides the substantive elements of unlawful delivery of a controlled dangerous substance applicable to the sufficiency of the evidence standard. Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n. 16. It is a felony for any person to distribute a "controlled dangerous substance." See Okla. Stat. tit. 63, § 2-401(Supp.1999). Petitioner's jury was instructed that the State must prove the elements of "knowingly and intentionally distributing the controlled dangerous substance of crack cocaine" before the jury could convict Petitioner (Dkt. # 4, Tr. Trans. at 168).

After viewing the evidence presented at trial in the light most favorable to the prosecution, the Court finds that the jury could reasonably have found proof of guilt beyond a reasonable doubt that Petitioner was guilty of the unlawful delivery of a controlled dangerous substance. Although Petitioner testified at trial and denied that he was involved in the drug transaction (see Dkt. # 4, Tr. Trans. at 144-59), the jury was provided considerable evidence of Petitioner's words and acts which, in light of all the circumstances, would make his denial seem improbable. See Wingfield, 122 F.3d at 1333. During Petitioner's trial, the jury heard testimony from the undercover police officers involved in the drug transaction that Mildred Penney took them to Petitioner's house as a source of crack cocaine, that Petitioner went into his house after speaking with Penney in the front yard, that

6

Petitioner came out the back door and handed something to Penney which she immediately turned and displayed to the police officers. See Dkt. # 4, Tr. Trans. at 86-90, 109-13. Based upon their training and experience the police officers identified the substance in Penney's hand as crack cocaine. Id. at 91, 112. A forensic chemist testified that the tan substance from the crime scene was cocaine in its freebase form, also known as crack cocaine. Id. at 143. The jury also heard Petitioner's own version of the November 24, 1999, events in which he admitted speaking to Penney, going into his house and coming out the back door, and speaking to Penney again, but he denied having participated in any drug transaction. Id. at 144-59. Based on Oklahoma law and the cited testimony, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of the unlawful delivery of a controlled dangerous substance. Thus, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the sufficiency of the evidence for the conviction shall be denied.

### *2. Error in instruction given by trial court (claim 2)*

As his second proposition of error, Petitioner argues that his due process rights were violated because "the jury was incorrectly instructed in regards to the range of punishment." (Dkt. # 1). On direct appeal the OCCA found that the trial court erred in instructing the jury on the range of punishment but the error was harmless because Petitioner did not suffer any resulting prejudice. See Dkt. # 4, Ex. 3 at 2-3. The OCCA specifically found that the sentence imposed "was well within the statutory range, [and] it was adequately supported by the evidence." Id.

Respondent asserts that this claim is not cognizable on federal habeas corpus review because it raises a question of state law. The Court agrees with Respondent. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting

habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The question of which Oklahoma statute should be used to determine Petitioner's sentence is solely a matter of state law and is not cognizable in a federal habeas proceeding. Cf. Shafer v. Stratton, 906 F.2d 506, 510 (10th Cir. 1990). Petitioner is not entitled to habeas corpus relief on this claim.

*3. Denial of lesser included offense instruction (claim 3)*

Included within his first proposition of error[3] is Petitioner's separate claim that the trial court erred in refusing to instruct the jury on the lesser included offense of attempted unlawful possession and/or possession of a controlled dangerous substance. Respondent contends that the issue is one of state law and is not proper for federal habeas corpus review.

The Tenth Circuit Court of Appeals has held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993). Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Accordingly, habeas relief shall be denied on Petitioner's claim that his constitutional rights were violated because the trial court failed to give jury instructions on lesser included offenses.

---

[3] Petitioner refers the Court to his "Proposition #3, submitted in his state court appellate Brief" and states that it is incorporated herein and combined with his Ground One claim concerning insufficiency of the evidence. See Dkt. # 1.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

**IT IS SO ORDERED** this 6th day of March, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT